UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CR-100 RM |
| | ) | |
| GLADYS OMAYRA SANTIAGO (02) | ) | |

OPINION and ORDER

Gladys Santiago pleaded guilty in December 2009 to a charge of possession with intent to distribute 20 to 40 grams of heroin; in March 2010, she was sentenced to a 28-month term of incarceration to be followed by a three-year supervised release term. Ms. Santiago is now before the court seeking modification of her sentence based on her claim that intervening changes in the Sentencing Guidelines effectively lower her term of imprisonment. According to Ms. Santiago, the court should "apply the advisory Sentencing Guidelines to the instant re-sentencing 18 U.S.C. § 3582(c)(2) proceedings, not withstanding that the old mandatory Sentencing Guidelines were in force and effect at the time of this court's original sentencing of petitioner."

18 U.S.C. § 3582(c)(2) allows a court to modify a term of imprisonment if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." To the extent Ms. Santiago claims her sentence was improperly imposed under "the old mandatory Sentencing Guidelines," she is

mistaken. Contrary to her claim, the Sentencing Guidelines were recognized as advisory more than five years before her March 2010 sentencing. *See* Booker v. United States, 543 U.S. 220, 264 (2005) (The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."). The court began its analysis of Ms. Santiago's sentence by recognizing that "[a] sentencing court first computes the guidelines sentence correctly, then decides whether the guidelines sentence is the correct sentence for that defendant, [and] uses the guideline range as the starting point and initial benchmark, but doesn't presume that the recommended range is reasonable." Sent. Memo., at 2. Ms. Santiago isn't entitled to modification of her sentence on this basis.

Ms. Santiago next says her sentence should be reduced in reliance on two amendments to the Sentencing Guidelines. She first references Amendment 5[1], which eliminates consideration under U.S.S.G. § 4A1.1 of "recency" criminal history points in the sentencing calculation. She claims that that amendment would reduce her criminal history points, lower her criminal history category, and entitle her to a sentence reduction. The court can't agree. Ms. Santiago's guideline range was determined based on a finding that she had no criminal history points and was in criminal history category I, *see* Sent. Memo., at 4, so the amendment and its elimination of recency points wouldn't affect Ms. Santiago's criminal

---

[1] Amendment 742, effective Nov. 1, 2010.

history category or her sentence. She isn't entitled to modification of her sentence on this basis.

Ms. Santiago lastly references Amendment 2[2] and the revisions to policy statements in Chapter Five, Part H, relating to mental and emotional conditions (U.S.S.G. § 5H1.3) and physical condition, including drug or alcohol abuse and gambling (U.S.S.G. § 5H1.4). Ms. Santiago says a downward departure may be appropriate to accomplish "a specific treatment purpose," a phrase referenced in U.S.S.G. § 5C1.1, which states that when considering a departure from a term of imprisonment to a term of intermittent confinement, community confinement, or home detention to accomplish "a specific treatment purpose," the court should consider such a departure "only in cases where the court finds (A) the defendant is an abuser of narcotics, other controlled substances, or alcohol, or suffers from a significant mental illness, and (B) the defendant's criminality is related to the treatment problem to be addressed." U.S.S.G. § 5C1.1 comment. n.6. Ms. Santiago says the court should grant her a downward departure because she has mental health issues, she hasn't been given any meaningful mental treatment or help during her incarceration, and she is needed at home to care for her seventeen-month daughter, who has a congenital birth defect that might require surgery. Again, the court can't agree.

---

[2] Amendment 738, effective Nov. 1, 2010.

At sentencing, the court considered the issues of Ms. Santiago's mental health and the medical condition of her daughter:

> [Ms. Santiago] has three young children, one with a serious medical condition that will require surgery. . . . Ms. Santiago has no history of drug or alcohol abuse, but has suffered with mental health issues for many years; she began participating in out-patient mental health counseling on three occasions, but never completed the programs recommended for her.

Sent. Memo., at 5-6. Ms. Santiago hasn't argued or established that (A) she suffers from drug or alcohol abuse, she has a gambling problem, or her mental health issues are "significant" and (B) her criminality is related to her mental health issues, nor has she demonstrated that her mental health problems and her daughter's medical condition weren't considered at the time of her sentencing. Thus, her claim that her sentence should be modified based on the Sentencing Guidelines' Amendment 2 is misplaced.

Based on the foregoing, the court DENIES Ms. Santiago's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [docket # 95] and DENIES her motions to proceed *pro se* [docket # 96] and *in forma pauperis* [docket # 97] as unnecessary.

SO ORDERED.

ENTERED:  November 12, 2010

       /s/ Robert L. Miller, Jr.
    Judge, United States District Court

cc:    G. Santiago